UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Rachel Marschner,**<br>**A.S.,**<br><br>    Plaintiffs,<br><br>v.<br><br>**Sheldon Mark Sacher,**<br><br>    Defendant. | Civil No. 06-460 (PJS/JJG)<br><br>**REPORT**<br>**AND**<br>**RECOMMENDATION** |

JEANNE J. GRAHAM, United States Magistrate Judge

This litigation came before the undersigned on August 20, 2008 on defendant Sheldon Sacher's motion to dismiss, or in the alternative, for summary judgment (Doc. No. 121). Lisa M. Elliott, Esq., appeared for Mr. Sacher. Plaintiffs did not appear, either personally or through counsel. The motion is referred for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(b).

Sacher chiefly moves to dismiss for failure to state a claim. As observed earlier in this litigation, the issue in this context is whether the allegations in the complaint are sufficient to state a claim as a matter of law. *Quinn v. Ocwen Federal Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006). When considering this issue, only the allegations in the complaint are considered, with inferences taken in the plaintiff's favor. *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006).

There is only one surviving claim against Sacher in this litigation, conspiracy to deprive constitutional rights in violation of 42 U.S.C. § 1985(3). Sacher argues that, as the plaintiffs do not sufficiently allege a conspiracy in the complaint, the claim must be dismissed. Opposing the

motion in a pro se brief, plaintiff Rachel Marschner does not address the merits of her complaint, nor does she offer further allegations of such a conspiracy.

To state a claim under § 1985(3), a plaintiff must allege specific facts showing an illicit agreement existed between members of a conspiracy. Even with all reasonable inferences taken from the complaint, there are no allegations describing such an agreement. The absence of such allegations, therefore, is fatal to the claim. *See Johnson v. City of Shorewood*, 360 F.3d 810, 817 (8th Cir. 2004); *Jensen v. Henderson*, 315 F.3d 854, 862-63 (8th Cir. 2002).

Sacher alternatively moves for summary judgment, which entails a different standard of review. In this context, the moving party must show there are no issues of material fact and it is entitled to judgment as a matter of law. *Meterlogic, Inc. v. KLT, Inc.*, 368 F.3d 1017, 1018 (8th Cir. 2004). Where a party moves for summary judgment and points out that the opposing party has no evidence to support a claim, the nonmoving party must present some evidence that shows an issue of material fact. *Beyer v. Firstar Bank, N.A.*, 447 F.3d 1106, 1108 (8th Cir. 2006).

The preceding analysis is generally applicable here as well. Sacher contends there is no evidence of a conspiracy, and the plaintiffs do not rebut this contention by offering evidence to the contrary. Without this evidence, there can be no material issue of fact, and thus Sacher is entitled to judgment as a matter of law. *See Johnson*, 360 F.3d at 817; *Jensen*, 315 F.3d at 862-63. Sacher's motion can also be granted on this basis.

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Sacher's motion to dismiss, or in the alternative, for summary judgment (Doc. No. 121) be **GRANTED.**

2. The remaining claim in this litigation be **DISMISSED WITH PREJUDICE.**

   3.  This litigation be closed and judgment entered.

Dated this 5th day of September, 2008.

                    s/ *Jeanne J. Graham*
                    JEANNE J. GRAHAM
                    United States Magistrate Judge

### NOTICE

  Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **September 22, 2008**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.